IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

United States of America,

                Plaintiff,


        vs.                                        Case No. 99-10023-JTM


Cornelius Graham,

                Defendant.



MEMORANDUM AND ORDER

Following his guilty plea, Cornelius Graham was convicted of bank robbery and
other crimes. Graham later filed an appeal which was dismissed. (Dkt. 175). He
subsequently filed a Motion to Vacate under 28 U.S.C. § 2255, which the court denied on
April 9, 2004. (Dkt. 216). The court explicitly determined that "Defendant's counsel — an
experienced and capable attorney who obtained dismissal of other serious charges by
means of the plea agreement — was not ineffective in his representation of defendant."
(Dkt. 216, at 5). In addition, the court noted that Graham had expressly waived any right
to collaterally attack his sentence, and specifically determined that this waiver was
knowing and voluntary. *Id.*

Now, twelve years after his conviction, the matter is before the court on Graham's
Motion to Set Aside the Judgment, which invokes 28 U.S.C. § 1615 and requests a writ

audita querella. Graham's central argument is that his counsel was constitutionally deficient in failing to convey information as to proposed plea negotiations. Graham was delayed in making the present argument, he contends, because he was without "a[n] avenue to get back in to court [and] had to wait until the re[c]ent Supreme Court case MISSOURI v. FRYE No. 10-444 (3-21-2012)." (Dkt. 304, at 25).

Graham's motion is denied for two reasons. First, the writ audita querela is not available to individuals like Graham who are in government custody. *United States v. London*, ___ Fed.Appx. ___, 2013 3870543, (10th Cir. July 29, 2013).

Second, as the Tenth Circuit held in *London*, even if the petition for writ of audita querela were considered as a successive motion under 28 U.S.C. § 2255, it must be denied in the absence of a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2).

> [F]or a petitioner to avail himself of a new rule, the Supreme Court must "*explicitly hold*[ ] that the rule it announced applies retroactively." *Bey v. United States*, 399 F.3d 1266, 1268 (10th Cir.2005) (emphasis in original). London points to a number of recent ineffective-assistance-of-counsel cases. *See Lafler v. Cooper*, 132 S.Ct. 1376 (2012); *Missouri v. Frye*, 132 S.Ct. 1399 (2012); *Padilla v. Kentucky*, 559 U.S. 356 (2010). Yet these cases either do not apply retroactively or did not announce a new rule of constitutional law. *See Chaidez v. United States*, 133 S.Ct. 1103, 1113 (2013) (holding that *Padilla* does not have retroactive effect); *In re Graham*, 714 F.3d 1181, 1183 (10th Cir.2013) (holding that *Lafler* and *Frye* did not announce new rules of constitutional law for purposes of a second or successive motion under § 2255).

*London*, 2013 WL 3870543, at *1.

IT IS ACCORDINGLY ORDERED this 27th day of August, 2013, that the defendant's

Motion to Vacate (Dkt. 304) is hereby denied.


 s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE