IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
    Plaintiff,

vs.                                            No. 99-10023-01-JTM

CORNELIUS GRAHAM,
    Defendant.

MEMORANDUM AND ORDER

In 2000, defendant Cornelius Graham pleaded guilty to one count of bank robbery, 18 U.S.C. § 2113, three counts of Hobbs Act robbery, 18 U.S.C. § 1951, and two counts of carrying a firearm during a crime of violence, 18 U.S.C. § 924(c). The court sentenced Graham to concurrent 188 month sentences on the robbery counts, a consecutive 60 months on the first § 924(c) count, and a consecutive 240 sentence on the second § 924(c) count, for a controlling sentence of 488 months. Graham, scheduled for release in September, 2023, now seeks early release under 18 U.S.C. § 3582(c)(1)(A).

Graham argues that the circumstances of his case present "compelling and extraordinary" reasons for early release on two grounds. First, he argues that the First Step Act's modification of "stacked" § 924(c) sentences would radically alter the sentence he would have received in 2000, and continued application of the sentence is

fundamentally unfair. Graham's argument, if adopted, would shorten his sentence to 308 months. He argues (Dkt. 414, at 23) that, with credits for good conduct time-served, he would be entitled to be released in June, 2020. The government's response does not dispute these calculations in its Response.

Second, Graham also seeks release on the grounds that he faces a substantial risk from the covid-19 virus in light of his medical condition. Graham is 59 years old, and suffers from diabetes and hypertension. The government opposes the defendant's motion, arguing that there has been no outbreak of the virus at the institution where Graham is held, and that "[w]hile [Graham's] ailments are concerning," he has not been actually affected in any way. (Dkt 416, at 16).

The court finds that the defendant is entitled to compassionate release under the first rationale, and accordingly it need not address his additional covid-19 argument. While the government argues vigorously that the First Step Act's modification of § 924(c) stacking sentences was expressly not retroactive, it also acknowledges that this court has held the radical change in the law relating to § 924(c) sentence stacking may authorize courts, in their discretion in appropriate cases, to grant relief under § 3582(c)(1)(A). *United States v. O'Bryan*, No. 96-10076-03-JTM, 2020 WL 869475 (D. Kan. Feb. 21, 2020). The court finds no reason to change the conclusion in reached in that decision.

Finding the existence of compelling and extraordinary reasons for sentence reduction, the court must also consider the factors set forth in 18 U.S.C. § 3553(a). Those

include Graham's history and characteristics; the seriousness of his offense; the need for just punishment, respect for the law, protection of the public, and deterrence of crime; the need for rehabilitative services; the applicable guideline sentence; and the need to avoid disparities with similarly-situated inmates. The court finds that none of these considerations prevent a sentence reduction in the case.

Graham's offenses were undoubtedly serious, and do give the court some pause in granting relief. In some cases, the seriousness of an offense alone might be grounds for denying a compassionate relief claim. But here, Graham has also received serious punishment, having served some 21 years in prison. The modified sentence of 308 months is in line with the low end of the original Sentencing Guideline range of 188-235 month range, augmented by an additional 10 years on the now unstacked gun counts. Graham's prison record shows nothing which would give the court pause in granting the relief sought.

The court finds that Graham's sentence should be reduced to 308 months imprisonment, and will direct the entry of an appropriate Judgment.

IT IS ACCORDINGLY ORDERED this day of July, 2020, that the defendant's Motion for Release (Dkt. 411, 414) are granted in part, as provided herein, and otherwise denied as moot.

*J. Thomas Marten*
J. Thomas Marten, Judge